## MacANDREWS & FORBES CO. v. UNITED STATES.

Circuit Court of Appeals, Third Circuit.
January 11, 1928.

No. 3622.

1. **Estoppel** ⟨⟩72—**One of two innocent parties, whose act made possible fraud by third party, must bear loss.**

Where a fraud has been committed by a third party, and the loss must fall on one of two innocent parties, the law lets it rest on the one whose act made possible the perpetration of the fraud.

2. **Shipping** ⟨⟩117—**Ship held not liable for loss of shipment delivered on genuine order stolen from agent of consignee.**

Libelant made a shipment of furs on respondent's ship. It employed a firm of brokers to make entry at the custom house and receive the shipment. This firm gave an order for the furs to its trucking firm, which placed it in an unlocked drawer, from which it was stolen, and by means of it the thief obtained delivery of the furs. *Held*, that the negligence of the trucking firm, which made possible the theft, was imputable to libelant, and that respondent was not liable for the loss.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Suit in admiralty by the MacAndrews & Forbes Company against the United States, as owner of Steamship Egremont. Decree for the United States, and libelant appeals. Affirmed.

Theodore L. Bailey, of New York City, and Albert C. Wall, of Jersey City, N. J. (William D. Stiger, of New York City, of counsel), for appellant.

Walter G. Winne, U. S. Atty., of Hackensack, N. J. (William E. Collins, of New York City, of counsel), for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the MacAndrews & Forbes Company filed a libel against the United States, owning and operating the steamship Egremont, to recover the value of 10 cases of fox skins shipped on board said steamer, which skins the said vessel failed to deliver to consignee at port of delivery. That court, after final hearing, dismissed the libel, whereupon this appeal was taken.

The proofs are that the shipment duly arrived at New York, the port of delivery, where the libelant had employed a firm of custom house brokers to arrange for entry of the shipment and delivery to them. The latter filed a bill of lading in the custom house and selected the firm of Cantwell & Wall, truckmen, to receive and deliver the goods, and wrote a letter or order, addressed to the delivery clerk of the steamship, as follows: "Please deliver to our truckmen the 10 cases skins arrived SS Egremont and marked M. F. C. 1/10 and oblige." This letter [1] was taken by Reynolds to the office of the trucking firm. On the following day the latter took it to a public garage, where their trucks were kept, and, instead of delivering it to their truck driver, put it, as was their practice, in the desk drawer of the office of the garage, where their truckmen would go to find it. The order was in an envelope, but whether sealed or unsealed does not appear.

The paper was evidently taken out of the unlocked drawer by some one other than Cantwell & Wall's truckman, for on the following morning it was presented to the delivery clerk of the Egremont by a man who called for the packages with a truck, and on delivery of the order received the cases and carried them away. On whom shall this loss fall? The libelant says on the steamship. And this is the question involved.

[1, 2] Where, as here, a fraud has been committed by a third party, and the loss must fall on one of two innocent parties, the law lets it rest on the one whose act made possible the perpetration of the fraud. In that regard we are clear, as was the court below, that the fraud was made possible by those acting for the plaintiffs. The ship brokers were entitled to receive the shipment, and, had they applied to the delivery clerk, they would have received it. Instead of so doing, they signed a written order directing delivery to their trucking firm; but the order for this valuable shipment, instead of being delivered by that firm to its truckman, was left in an unlocked drawer in a public garage, where it was evidently found and abstracted by some person, who was thus by the lack of care of the plaintiff's agent—and lack of due care is negligence—put in a position to wrongfully obtain the goods.

In the natural sequence of events the person who stole the order had only to provide himself with a truck, appear at the ship's office, present the order, and receive the goods. This he did, and we find no lack of care in the ship's delivery clerk in honoring

[1] "New York, May 7, 1925.
"Delivery Clerk S/S Egremont, Foot of 57th St., Brooklyn—Dear Sir: Please deliver to our truckmen the 10 cases skins arrived S/S Egremont and marked M. F. C. 1/10 and oblige.
"Yours truly, Watt, Butcher & Co.,
"E. R. Reynolds.
"Truckmen—Cantwell & Wall."

the order and delivering the goods. The order was valid. It called for the delivery of the goods, and the plaintiff's lack of due care enabled the supposed truckman to clothe himself with such an appearance of integrity as would naturally procure the goods. Manifestly, in the press and course of the delivery of goods at a wharf, it was not the duty of the delivery clerk, when the signed order was presented to him, to refuse delivery until he had ascertained whether the truck and the truckman were authorized to receive the packages. To place on a delivery clerk, when a truckman presented a bona fide order calling for delivery of goods, the duty of dropping his work and further satisfying himself of the agency of a truckman presenting such valid order, would be impracticable. The negligence of the plaintiff had clothed the truckman with such semblance of authenticity that the delivery clerk was justified in assuming the status of the truckman was that of an authorized holder of the delivery order.

The decree below will be affirmed.